IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL LEE PORTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-11-0293 |
| | § | |
| RICK THALER, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state inmate at the time of filing, filed this *pro se* section 1983 lawsuit alleging violations of his Eighth Amendment rights by prison officials. He names as defendants Correctional Institutions Director Rick Thaler, retired food service manager Glenda Wood, and the Estelle Unit Classification Committee (the "Committee"). Defendants filed a motion for summary judgment (Docket Entry No. 25), to which plaintiff filed a response (Docket Entry No. 32).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for summary judgment and **ORDERS** as follows.

### I. Background and Claims

The parties agree that, one day in May 2009, defendant Wood shoved plaintiff out of her office; as plaintiff reached for the door, Wood also reached for the door, and she jerked the door open, striking petitioner's shoulder and exacerbating his pre-existing shoulder

injury.[1] Plaintiff alleges that Wood deliberately jerked the door open and slammed it into his shoulder; defendants generally contend that the event was an accident.

X-rays taken shortly after the incident[2] revealed no abnormalities; x-rays taken ninety days later showed some abnormalities. However, five months after the incident, plaintiff reported a "pop" in his shoulder and x-rays revealed that the screw on top the metal rod in his shoulder was broken. Plaintiff further complains that, following the May 2009 incident, defendants did not modify his job assignments to allow for the injured shoulder, and that they failed to replace the broken shoulder screw. Plaintiff asserts that he suffered pain, discomfort, and loss of function.

Plaintiff raises Eighth Amendment claims against Wood for physical assault and use of excessive force in slamming the door into his shoulder, and that the other defendants were deliberately indifferent to his medical needs by not modifying his work assignments or having the broken screw surgically repaired. He seeks nominal, actual, and punitive damages for these alleged Eighth Amendment violations. Plaintiff is not currently in custody.

Defendant Wood, through counsel, contends that she is entitled to qualified immunity for her unintentional striking of plaintiff's shoulder with the door. Defendants Thaler and the Committee assert that plaintiff's job assignments were consistent with his medical

---

[1] Plaintiff had a metal rod surgically inserted into his shoulder in May 2008 to repair gunshot injuries. (Docket Entry No. 25-2, p. 16.)

[2] Plaintiff's medical records show that the incident occurred on May 14, 2009. (Docket Entry No. 25-2, p. 16.)

2

restrictions, and that no deliberate indifference is shown. They further argue that plaintiff asserts no factual basis for liability against them in either an official or individual capacity. Plaintiff did not sue any members of the medical staff.

## II. Analysis

### A. Summary judgment standards of review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. A factual dispute will preclude a grant of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court may not weigh the evidence or make credibility determinations. *Id.* Conclusory allegations, speculation, improbable inferences, or a mere scintilla of evidence, however, are insufficient to defeat a summary judgment motion. *Michaels v. Avitech, Inc.*, 202 F.3d 746, 754–55 (5th Cir. 2000). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson*, 477 U.S. at 247. Conclusory allegations, speculation, improbable inferences, or a mere scintilla of evidence, however, are insufficient to defeat a summary judgment motion. *Michaels*, 202 F.3d at 754–55.

3

B.  Defendant Wood

The settled rule is that the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *see also Payne v. Parnell*, 246 F. App'x 884, 886 (5th Cir. 2007). In the context of an allegation of the use of excessive force by a prison official, the core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson*, 503 U.S. at 7. In determining whether the use of force by a prison officer was wanton and unnecessary, a court must consider the extent of injury suffered, the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible official, and any efforts made to temper the severity of a forceful response. *Id.*

In his complaint, plaintiff alleged under penalty of perjury that Wood shoved him and ordered him out of her office, and that as plaintiff reached for the office door, Wood also reached for the door and that she deliberately jerked it open and slammed it into his shoulder.[3] (Docket Entry No. 1, p. 4.) In his response to the motion for summary judgment (which was not sworn or made under penalty of perjury), plaintiff asserts that Wood shoved him into the door while jerking the door open and slamming it into his shoulder. (Docket Entry No. 32, p. 2.) Under either set of allegations, plaintiff asserts that Wood acted deliberately – that is, that Wood deliberately caused the steel door to slam into plaintiff's

---

[3]Plaintiff's medical records note that the door was a steel door. (Docket Entry No. 25-4, p. 8.)

4

shoulder, causing him pain and physical injury. Although defendants appear to contend that Wood's behavior was accidental, they offer no probative summary judgment evidence in support of this contention or as to any need for the application of force, the relationship between that need and the amount of force used, any threat reasonably perceived by Wood, and any efforts made to temper the severity of a forceful response. Nor do defendants controvert plaintiff's allegations that the steel door's slamming into his shoulder caused him pain and physical injury. Consequently, the Court finds that plaintiff raises a genuine issue of material fact as to Wood's use of excessive force, in that a reasonable jury could determine that Wood had acted maliciously and sadistically in unnecessarily and wantonly inflicting pain on plaintiff.

Moreover, defendant Wood does not establish her entitlement to qualified immunity as a matter of law. A qualified immunity defense alters the usual summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law. *Id.* If the defendant's actions violated a clearly established constitutional right, the court then asks whether qualified immunity is still appropriate because the defendant's actions were objectively reasonable in light of law which was clearly established at the time of the disputed action. *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004). In the instant case, the Court has determined that a genuine issue of material fact exists as to

5

whether Wood violated plaintiff's Eighth Amendment rights. Under the summary judgment record before this Court, it cannot be said that Wood's actions were objectively reasonable. The contours of the Eighth Amendment prohibition against use of excessive force is sufficiently clear such that a reasonable prison official would understand that pushing an inmate into a steel door while jerking it open and slamming it into his shoulder, or deliberately jerking a steel door open and slamming it into an inmate's shoulder, without just cause, violates that constitutional prohibition.

Defendant Wood is not entitled to summary judgment dismissal of plaintiff's claims against her for use of excessive force, and her motion for summary judgment as to those claims is **DENIED**.

C.    Work assignments

Plaintiff complains that, following the injury to his shoulder, the Committee failed to modify his work assignments to take into consideration his injury. The records provided by defendants in their motion for summary judgment reflect that, when plaintiff arrived at the Estelle Unit in early April 2009, he was given one medical restriction prohibiting his lifting over twenty-five pounds. (Docket Entry No. 25-2, p. 2.) On August 20, 2009, two additional medical restrictions were added, prohibiting plaintiff's working in food service or repetitive use of his hands. (Docket Entry No. 25-3, p. 14.)

Plaintiff complains that he suffered severe and prolonged pain and loss of function in his shoulder and arm due to being hit with the steel door, and that the Committee was

6

deliberately indifferent to his serious medical needs by giving him strenuous work assignments following the incident. In response, defendants argue that plaintiff's job assignments were consistent with the medical restrictions in place during the relevant time frame, and that plaintiff's disagreement with those work assignments is insufficient to establish deliberate indifference. Defendants note that medical restrictions are diagnosed and ordered through medical personnel, not the classification committee.

It is well established that a prison official's deliberate indifference to serious medical needs of prisoners can constitute unnecessary and wanton infliction of pain of the type proscribed by the Eighth Amendment and actionable under section 1983. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish the requisite deliberate indifference, a prisoner must show that the defendants were both aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and that they actually drew an inference that such potential for harm existed. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Fifth Circuit has held that the deliberate indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Under the subjective prong of this analysis, a prison official acts with deliberate indifference only if he knows that the inmate faced a substantial risk of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it. *Gobert v. Caldwell*, 463 F.3d 339, 347 (5th Cir. 2006).

Prison work requirements can constitute cruel and unusual punishment where they compel an inmate to perform physical labor that is beyond his strength, endanger the inmate's life, or cause the inmate to suffer undue pain. *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983). The constitutionality of a particular work condition must be evaluated in light of the particular medical conditions of the complaining prisoner. *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).

Work that is not cruel and usual *per se*, as in the instant case, may violate the Eighth Amendment if the officials knew it would significantly aggravate a serious medical condition. *Id.* In other words, if prison officials knowingly force a prisoner to engage in work "which they knew would significantly aggravate [a] serious physical ailment," then such a decision would constitute deliberate indifference to serious medical needs in violation of the Eighth Amendment. *Id. See also Mendoza v. Lynaugh*, 989 F.2d 191, 194 (5th Cir. 1993) ("To be sure, if prison officials assign an inmate to work detail and they know that such an assignment could exacerbate a serious physical ailment, then such a decision could constitute deliberate indifference.").

In support of their motion for summary judgment, defendants submitted the affidavit of Peggy Haggard, Chief of Unit Classification at the Estelle Unit, who testified as follows:

> Within TDCJ, each offender is given a PULHES classification based upon restrictions provided by the medical department. Attached to this affidavit please find the computer screens for [plaintiff] for the time period of April 2009 through January 2010. These records indicate [that] in April 2009, this offender had one medical restriction, of lifting no more then 25 lbs. Consistent with this restriction the offender was assigned to the service crew and later to

8

> the kitchen crew. On each crew there are multiple jobs consistent with his work restrictions. Each crew is notified of the inmate['s] restrictions when he is assigned. On May 15, 2009, he was returned to the service crew. On June 29, 2009, he was then assigned as a barber and later a barber ramrod. These positions are also consistent with the lifting restriction. He remained a barber until his reassignment to the service crew on August 13, 2009. Though an additional restriction was added by the medical department in July 2009, that of no food service, the restriction was not based on the offender['s] limitations but [was] placed to prevent him from working in food to prevent the spread of disease by the offender. In August, 2009 a third restriction was added, that of no repetitive hand use. These restrictions remained through January [2010].[4] Each of the jobs he held throughout this time period were consistent with his medical restrictions. [Plaintiff's] complaints that he had to stack chairs, move tables, barber, sweep, mop, hoe dirt on the volley ball field, and clean a van are consistent with his medical restrictions because none of these jobs requires lifting more than 25 pounds or repetitive use of his hands.

(Docket Entry No. 25-7, pp. 2–3.)

In his response to defendants' motion for summary judgment, plaintiff alleges in conclusory fashion, that the Committee aggravated his shoulder injury by assigning him to "extreme jobs" conducting heavy lifting as well as field service work. Plaintiff presents no probative summary judgment evidence that he was required to lift over 25 pounds of weight or to use repetitive hand use, or that he was required to perform work contrary to his medical restrictions while at the Estelle Unit. Further, even assuming plaintiff had named as an individual defendant any member of the Committee, he fails to present probative summary judgment evidence that the individual caused plaintiff to engage in work which the individual knew would significantly aggravate a serious physical ailment of plaintiff. In short, plaintiff

---

[4]Plaintiff states that he was released from prison in January 2010. (Docket Entry No. 1-1, p. 1.)

9

does not meet his burden of proving that a member of the Committee was deliberately indifferent because the individual knew that plaintiff faced a substantial risk of serious bodily harm and that he disregarded that risk by failing to take reasonable measures to abate it. *See Gobert*, 463 F.3d at 347. Further, plaintiff's medical records show that medical staff responded to his medical complaints, and that they provided screening, examinations, and treatment as deemed medically appropriate. The records do not show that medical staff found it necessary to issue additional work restrictions in response to plaintiff's work-related complaints. Plaintiff does not raise a genuine issue of material fact precluding summary judgment on his claims for deliberate indifference regarding his work assignments, and defendants are entitled to summary judgment dismissal of those claims.

D. <u>Failure to provide surgery</u>

Plaintiff claims that defendants were deliberately indifferent to his need for surgery to replace the broken screw in the metal rod in his shoulder. As with plaintiff's claims regarding his work assignments, this claim is governed by the Eighth Amendment's prohibition against cruel and unusual punishment forbidding deliberate indifference to the serious medical needs of prisoners. *Estelle*, 429 U.S. at 104. To establish deliberate indifference, a plaintiff must show that a defendant was aware of facts from which an inference of an excessive risk to the prisoner's health could be drawn and that he actually drew an inference that such potential for harm existed. *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002).

Plaintiff's claim fails in that he has not named as a defendant any individual who participated in the alleged medical decision made the basis of his claim. In order to successfully plead and prevail in a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff here presents no probative summary judgment evidence that any of the defendants he named in this lawsuit participated in the medical decision that plaintiff did not need surgery. Plaintiff states in his response to the motion for summary judgment that, "reasonable medical practice would have been to schedule sergery [sic] to replace the broken screw[.]" (Docket Entry No. 32, pp. 4–5.) Plaintiff does not establish, and the record does not show, that any of the named defendants had any authority to diagnose his medical condition as requiring surgical intervention, or to issue a medical order that plaintiff be provided surgery, or to take any other action constituting "reasonable medical practice" regarding plaintiff's shoulder injury.

Moreover, plaintiff presents no probative summary judgment evidence, and the record does not show, that surgical intervention to replace the broken screw was necessary. Plaintiff states in his response to the motion for summary judgment that, based on the x-rays and his shoulder pain, "it is clear that sergery [sic] is required." (Docket Entry No. 32, p. 3.) Plaintiff's conclusory allegation does not constitute probative evidence raising a genuine issue of material fact sufficient to preclude summary judgment. *See Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 440 (5th Cir. 2005). Moreover, plaintiff stated in his

complaint that, after his release from prison in January 2010, he visited Parkland Hospital in Dallas, and that "they were talking about giving me steroid shots or doing surgury [sic]." (Docket Entry No. 1-1, p. 2.) Thus, plaintiff's own allegations show that surgical intervention was not the only viable medical option for his condition.

Nor do plaintiff's prison medical records evince the need for surgical intervention. On October 28, 2009, plaintiff was examined by orthopedic specialist Michael Hanley, M.D., who diagnosed plaintiff with "impingement syndrome of the right shoulder secondary to trauma." (Docket Entry No. 25-4, p. 8.) The physician reported that plaintiff's condition "should be treated conservatively" and that "the broken screw is of no consequence." *Id.* He ordered continued treatment with ibuprofen twice daily for three months, and for physical therapy with shoulder range of motion exercise. He further ordered a cortisone injection for treatment of the impingement syndrome. *Id.* He did not order surgical intervention. Plaintiff was started on physical therapy and a second anti-inflammatory drug, but was released from prison in January 2010. He was marked as a "no show" for a scheduled orthopedic follow-up on February 18, 2010. (Docket Entry No. 25-4, p. 18.)

Plaintiff fails to meet his burden of proving that any defendant in this case knew that plaintiff faced a substantial risk of serious bodily harm by not undergoing surgery and that he disregarded that risk by failing to take reasonable measures to abate it. Defendants are entitled to summary judgment dismissal of plaintiff's claims for deliberate indifference to his need for surgical intervention.

E. <u>Failure to train</u>

Plaintiff claims that prison official "Nathen Quarterman" failed to train the defendants; he does not allege that this individual had any personal involvement in the incidents made the basis of this lawsuit. The Court liberally construes plaintiff's identification of this individual as intending to name Nathaniel Quarterman, the prison Correctional Institutions Director in May 2009. Rick Thaler held the office at the time plaintiff filed this lawsuit nearly two years later. In the interest of justice, the Court will consider plaintiff's claims against Quarterman in his individual and official capacity, and against Thaler in his official capacity.

A prison official may not be held liable under section 1983 based solely on the theory of *respondeat superior*. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "The individual officials may be liable only for implementing a policy that is itself a repudiation of constitutional rights and is the moving force of the constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). The Supreme Court has held that the inadequacy of training amounts to a constitutional violation only where the failure to train amounts to deliberate indifference to the rights of those persons with whom the inadequately trained officers come into contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). To hold supervisory official Quarterman liable for the acts of a subordinate, plaintiff in the instant case must show that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of

the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998). For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.*, 158 F.3d at 912.

In the instant case, plaintiff meets none of these requirements. He offers no probative summary judgment evidence that Quarterman actually failed to train any of the other defendants, much less that any purported failure amounted to deliberate indifference. Nor has he shown a violation of his rights which was causally connected to a purported failure to train or supervise. Plaintiff fails to raise a genuine issue of material fact regarding his failure to train claim, and defendants are entitled to summary judgment dismissal of this claim. Further, plaintiff presents no probative summary judgment evidence that Quarterman had any personal involvement in the incidents made the basis of this lawsuit, and no basis for individual liability has been raised as to Quarterman.

Defendants are entitled to summary judgment dismissal of plaintiff's failure to train claims.

F. <u>Eleventh Amendment immunity</u>

Nor may plaintiff prevail on his claims for monetary damages against any of the defendants in their official capacity, including Quarterman, as such claims are barred by the

Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

Defendants are entitled to summary judgment dismissal of plaintiff's claims against them in their official capacity.

### III. Conclusion

The Court **ORDERS** as follows:

1. Defendants' motion for summary judgment (Docket Entry No. 25) is **DENIED** as to plaintiff's individual capacity claims against defendant Wood for use of excessive force.

2. Defendants' motion for summary judgment (Docket Entry No. 25) is **GRANTED** in all other respects, and plaintiff's claims against defendants Thaler, Quarterman, and the Estelle Unit Classification Committee, and his claims against defendant Wood in her official capacity, are **DISMISSED WITH PREJUDICE**.

3. The Court will enter a separate scheduling order setting Plaintiff's excessive force claims against defendant Wood for trial.

4. **THIS IS AN INTERLOCUTORY ORDER.**

Signed at Houston, Texas, on this the 9th day of July, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE